[Civil No. 615.    Filed June 11, 1898.]

[53 Pac. 577.]

BABBITT BROTHERS, and MAX SALZMAN, Defendants
and Appellants, v. MANDELL BROTHERS & CO.,
Plaintiffs and Appellees.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—FAILURE TO ANNEX INVEN-
TORY—REV. STATS. ARIZ. 1887, PARS. 22, 23, AND 31, CONSTRUED—
DOES NOT INVALIDATE ASSIGNMENT.—A general assignment for the
benefit of creditors shall be construed to pass his estate, whether
particularly specified or not, and is not void for want of an inven-
tory of the estate annexed thereto as provided by paragraph 23,
*supra,* paragraph 31, *supra,* providing that no assignment shall
be void for want of such inventory or list.

APPEAL from a judgment of the District Court of the
Fourth Judicial District in and for the County of Mohave.
J. J. Hawkins, Judge. Affirmed.

The facts are stated in the opinion.

Edward M. Doe, for Appellants.

Herndon & Norris, for Appellees.

DOAN, J.—This action was brought by the appellees in
their own behalf and for other creditors of the defendant
Kenyon in the district court of Mohave County to cause the

enforcement of a deed of assignment made by the said Kenyon for the benefit of his creditors. On the seventeenth day of February, 1896, H. S. Kenyon, engaged in the general merchandise business in Mohave County, was insolvent, and, contemplating insolvency, executed, acknowledged, and filed for record a deed of general assignment to one J. N. Cohenour, conveying to said Cohenour, as assignee, all of his property for the benefit of all of his creditors. Thereafter, on the eighteenth day of February, 1896, the said Kenyon executed a paper directing the recorder to cancel the filing of said deed of assignment, and on the said eighteenth day of February the said Kenyon executed and delivered to Babbitt Brothers a bill of sale purporting to transfer the stock of goods, wares, and merchandise that constituted the larger part of the property that had been included in and conveyed by the aforesaid deed of assignment. Babbitt Brothers and Salzman recorded said bill of sale on the said eighteenth day of February, 1896, took possession of the said stock of goods, and converted the same to their own use, without paying the value of said goods or any part thereof to the said assignee, or to any other person, for the benefit of said assigned estate. Thereafter the plaintiffs, Mandell Brothers & Co., creditors of said H. S. Kenyon, brought suit against him for their respective claims, and, having recovered judgments therefor, brought this action against Babbitt Brothers and Max Salzman for the value of the stock of goods thus taken and converted by them under the bill of sale, after the same had been transferred and conveyed by the deed of assignment. On the trial of the case in the district court, judgment was rendered in favor of the plaintiffs for fourteen hundred dollars, at which amount the value of the goods thus in controversy was established by the evidence introduced. The assignee mentioned in said deed of assignment having failed to qualify, one C. E. Bowers was appointed as special assignee and trustee to carry out the conditions of the trust created by said deed of assignment, and the defendants were ordered and decreed to pay the amount for which judgment was rendered into the hands of said special assignee for the benefit of the creditors of said Kenyon under the provisions of said deed of assignment. From this judgment of the court and the order denying a new trial the defendants appeal, and assign as error

the ruling of the district court in permitting the deed of assignment to be introduced in evidence to show conveyance of the property in question, and allege that said deed of assignment is an absolute nullity and conveyed nothing whatever.

The only objection raised to the validity of the deed of assignment and to its introduction as evidence is the fact that no schedule was annexed, and it is contended that the failure to so annex the schedule voided the deed. Our statutes provide (Rev. Stats. Ariz., par. 22): "Every assignment made by an insolvent debtor, or in contemplation of insolvency, for the benefit of his creditors shall provide, except as herein otherwise provided, for a distribution of all his real and personal estate other than that which is by law exempt from execution, among all his creditors in proportion to their respective claims, and however made or expressed, shall have the effect aforesaid and shall be construed to pass all such estate, whether specified therein or not, and every assignment shall be proved or acknowledged and certified and recorded in the same manner as is provided by law in conveyances of real estate or other property." Paragraph 23 provides: "The debtor shall annex to such assignment a full and true inventory of all such debtor's estate at the date of such assignment, both real and personal, . . . and the value of such estate according to the best knowledge of said debtor or debtors." Paragraph 31 provides: "No assignment shall be declared fraudulent or void for want of any inventory or list as provided herein." The deed of assignment in question conveyed in regular form "all his lands, tenements, chattels, property, and choses in action of every name and description not exempt from attachment and execution, wheresoever the same may be, as fully described and set forth in the schedule hereto annexed, and made a part of this assignment," being the form ordinarily used in cases of general assignment. There was, however, no schedule annexed to the deed, and it is on this ground, and this ground alone, that the appellants attack the validity of the deed. It would seem that the wording of the statute was so plain in its provision that "no assignment shall be void for want of any inventory or list" that it could not be misunderstood. If, however, any doubt remained, it should have been dissipated

by the ruling of the supreme court of the United States in
the case of *Bock* v. *Perkins,* 139 U. S. 628, 11 Sup. Ct. 677,
cited by the appellants in their brief, wherein the court, in
passing upon the construction of the Iowa statute, that is
very similar to, and in fact almost identical with, the Ari-
zona statute on this point, held: "In the event of a general
assignment of property by one insolvent, or in contemplation
of insolvency, for the benefit of creditors, the debtor is re-
quired to annex to the assignment an inventory of his estate,
and the assignment is not invalidated or rendered void for
the want of such inventory. Whatever estate belongs to the
debtor at the time of a general assignment passes, by force
of the statute, to the assignee." The court correctly con-
strued our statute upon this point, and is fully sustained by
the authority cited. No other question being presented, we
find no error in the case, and the judgment of the district
court is therefore affirmed.

Street, C. J., Sloan, J., and Davis, J., concur.